J-S11007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 707 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000640-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 708 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000640-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM CALEB CLAYTON | : | |
| | : | |
| Appellant | : | No. 709 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000640-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
            v.                            :
                                          :
WILLIAM CALEB CLAYTON                     :
                                          :
            Appellant                     :    No. 710 WDA 2020


Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000640-2019


BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.*

CONCURRING MEMORANDUM BY KUNSELMAN, J.:

**FILED: SEPTEMBER 30, 2021**

The Majority holds that William Caleb Clayton's Rule 2119(f) Statement does not raise a substantial question, but it would affirm the sentence in any event.  **See** Majority Memorandum at 4, 7.  Although I disagree on the issue of substantial question, I concur in the decision to affirm his sentence.

In his Rule 2119(f) Statement, Clayton contends that "the sentencing court did not adequately consider all of the relevant sentencing factors especially his rehabilitative needs."  Appellant's Brief at 12.  This Court has held that an averment that the trial court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question.  **Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009).

---

* Retired Senior Judge assigned to the Superior Court.

Notably, our determination of what raises "a substantial question in various cases has been less than a model of clarity and consistency, even in matters not involving excessive sentence claims." *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) (comparing different results from seemingly similar cases, some finding a substantial question and some not). Until we can provide more guidance to parties and attorneys on the requirements of a 2119(f) statement - unless it is obviously deficient - I would address the appellant's issue, especially where, as here, the appellant made a good faith attempt to comply with the rule, and the Commonwealth has not even filed an appellate brief.[1]

In reviewing the substance of Clayton's appeal, based on the arguments as counsel has formed them, I find myself compelled to affirm. Although Clayton alleges that the sentence was unreasonable, his attorney fails to argue why, in these circumstances, the sentence that the trial court imposed was an abuse of discretion.[2] Instead, Clayton merely proposes that an alternate sentence, in the county jail, would have been feasible, and allowed him to

---

[1] I note my displeasure with the Commonwealth's failure to file an appellee brief, despite requesting and being granted two 60-day extensions to do so. The Commonwealth requested a sentence of 82 months to 48 years, based on its perception of the seriousness of the crimes, yet, inexplicably, filed no appellate brief.

[2] An abuse of discretion is "not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Santos*, 176 A.3d 877, 882 (Pa. Super. 2017).

rehabilitate.   Appellant's Brief p. 16.  This may be true, but it is hardly relevant to the appellate issue at hand.

Had Clayton argued that a 30-year maximum sentence for the crimes involved was manifestly unreasonable, (an 18-year-old, high-school student who masturbated on social media before a 12-year-old and exchanged nude photos with four young girls)[3], given his physical age, mental age, and lack of a prior record, he may have convinced me that the maximum sentence imposed here was too extreme and unduly harsh. ***See, e.g., Commonwealth v. Sarvey***, 2020 WL 2764229 (Pa. Super. 2020) (finding 17-year sentence for attempting to pass one and one-half pills was "clearly unreasonable").  But Clayton does not contend – much less persuade me – that the sentence was manifestly unreasonable.

I recognize that sentencing is within the sound discretion of the trial court.   ***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. super. 2007).  However, a trial court's discretion is not unrestricted. "[T]he deference paid to the trial court does not necessitate a rubber[-]stamped approval of the sentences imposed by the sentencing court." ***Commonwealth v. Robertson***, 874 A.2d 1200, 1212 (Pa. Super. 2005) (citation omitted).  Otherwise, "[a]ppellate review of sentencing matters would become a

---

[3] The record is sparse in this case, and the sentencing transcript does not detail many of the events that took place.  It appears Clayton did meet with one of the twelve-year-old victims, kissed her, and the two touched each other's genitalia.   For these physical actions, Clayton was convicted of indecent assault, which carried a sentence of three to twelve months, plus or minus six months.

mockery and a sham if all sentences were routinely affirmed under the guise of the discretion of the trial court." *Id.*

Section 9781(c)(2) of the Sentencing Code provides that on appeal, this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds: . . . the sentencing court sentenced within the sentencing guidelines[,] but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa. C.S.A. § 9781(c)(2). In determining whether a particular sentence is clearly unreasonable,

> the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

*Commonwealth v. Coulverson*, 34 A.3d 135, 147 (Pa. Super. 2011) (citation omitted).

Turning to the circumstances of this case, I note that Clayton did not rape these young girls.  Most of his crimes were committed via social media on Snapchat.  He did not disseminate any of the photographs he obtained.  He was a high school student when the crimes occurred.[4]  Testimony also indicated that although he was 18, his mental age was more of a 15 or 16-

---

[4] The record indicates Clayton obtained his high-school diploma while incarcerated awaiting disposition of this matter.  It is unclear whether he was attending high school at the time of the events in question.

year-old. Had he been under 18, instead of 18, his crimes would have been handled in juvenile court.[5] While he is not entitled to a volume discount for the crimes he committed, the aggregate, maximum sentence for these crimes under these circumstances causes me to question the appropriate length of his prison sentence.[6]

However, we need not determine whether the sentence here was unduly harsh, as Clayton's lawyer has not effectively argued this issue on appeal by not conforming her argument to our deferential standard of review. Thus, I concur with the majority's decision to affirm Clayton's judgment of sentence.

Judge Colins joins this concurring memorandum.

---

[5] Many of Clayton's crimes would have been handled as summary offenses under 18 Pa. C.S.A. § 6321(a).